IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

--------

No. 97-40149

Summary Calendar

--------

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

85,237 ACRES OF LAND, MORE OR LESS, ET AL.,

                                        Defendants,

BANK ONE, TEXAS, NATIONAL ASSOCIATION, Trustee of the Red
Crest Trust; LELIA BEATRICE COX HARRIS; LINDA HARRIS BEARD;
MARGIE HARRIS NEWTOWN; JOHN H McMULLEN, JR; ANDY J McMULLEN,

                                        Defendants-Appellants.

--------

Appeal from the United States District Court
For the Southern District of Texas
(L-529)

--------

September 17, 1997

Before KING, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

      Appellants appeal the trial court's dismissal of their Rule

60(b) motion.  We affirm.

--------

      [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.

Appellants assert that the district court reached two erroneous legal conclusions. First, the Order Closing Civil Action, entered August 10, 1970, was a final judgment in this civil action. Second, a Quiet Title Act claim is an adverse claimant's exclusive means to challenge the United States' title to real property. We find Appellants' objections to these determinations to be without merit and therefore affirm the lower court's dismissal of their Rule 60(b) motion.

II.

On August 10, 1970, the district court entered in this case an Order Closing Civil Action.[1] R. Vol. 4 at 344. The Order stated:

> "all matters and controversies have been adjudicated in the . . . civil matter . . . and . . . it is . . . ORDERED that the above captioned civil action be and is hereby CLOSED and DROPPED from the Docket of the Court; subject, however, to the power of the Court to make such future Orders, if any, as may be necessary." Id.

Appellants argue that the last phrase of the order denies finality to the judgment since the trial court reserved the power to make any necessary future orders. We find this argument to be totally lacking.

The "requirement of finality is to be given a 'practical rather than a technical construction.'" Gillespie v. United States

_____

[1]We make no ruling on whether the Judgment Confirming Award of Special Commission and Report of Special Master entered on July 26, 1956 was a final judgment in this suit. It is clear that the Order Closing Civil Action was a final judgment in this case.

Steel Corp., 379 U.S. 148, 152 (1964)(quoting Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949)). It is well settled that a "final judgment" may not be the last possible order in a case. Gillespie, 379 U.S. at 152. The Order Closing Civil Action of August 10, 1970 adjudicated all the controversies with respect to all of the parties in the civil action. The last phrase of the order does not negate its finality.

Appellants next assert that a final judgment was never entered in this case because no notice of the condemnation proceeding was served on the remaindermen of the Langille Trust or on the Corporation.[2] We find this argument to be unavailing as well.

Assuming that Appellants' are correct in their assertion that neither the remainder beneficiaries nor the Corporation received notice of the condemnation proceeding,[3] the Order Closing Civil Action is nonetheless a final judgment. Since they did not receive notice and did not voluntarily appear in the proceeding, the remaindermen and Corporation never became parties to the civil action.[4] Nagle v. Lee, 807 F.2d 435 (5th Cir. 1987). This absence

---

[2]For the sake of clarity and brevity, we adopt the lexicon of Appellants to refer to the various entities and concerns in this case. See Appellants' Brief at 5.

[3]In order to dispose of this appeal, it is unnecessary for us to decide whether the remaindermen or the Corporation had notice of the civil action. We make no ruling on this issue. Rather, we will assume that Appellants' contention is true that these persons did not have notice of the condemnation proceeding.

[4]We do not decide the interest the remaindermen or Corporation had in the subject parcels.

3

of notice does not negate the finality of the district court's order of August 10, 1970 since this order resolved all controversies with respect to all persons who were parties to the suit. Id.

Finally, Appellants aver that the Order Closing Civil Action was not a final judgment because the Bank never received notice of the United States' Amended Petition in Condemnation which gave the owners of the subject parcels the right to elect to revest the mineral interests in themselves, subject to certain restrictions which are not of importance here. Any interest Appellants claim in the property through the Bank is nugatory. As Appellants admit, the Bank received adequate notice of the condemnation proceeding but failed to respond or appear in the action. By its inaction, the Bank waived any defense or objection it may have had to the taking or any right or benefit it may have received during the course of the proceeding. Fed. R. Civ. P 71A(e). After receiving notice, the Bank, as trustee of the Langille Trust, had a duty to keep abreast of the developments in the condemnation suit. The Bank's dereliction in its duty does not tarnish the finality of the district court's Order Closing Civil Action.

### III.

Appellants claim that the trial court erred in ruling that the exclusive means to challenge the United States' title to real property is a suit under the Quiet Title Act, 28 U.S.C. § 2409a (1994). By this ruling, the district court dismissed Appellants'

4

Rule 60(b) motion for lack of subject matter jurisdiction.  Though the court below in its order cast the net wider than necessary, we find that it reached the correct result.

Appellants contend that they were entitled to file a Rule 60(b) motion attacking the district court's final judgment since the remaindermen of the Langille Trust never received notice of the condemnation proceeding.[5]  Appellants misunderstand the effect of the lack of notice to the remaindermen.

As we stated, since the remaindermen did not receive notice and did not voluntarily appear in the suit, they were not parties to the condemnation action.[6]  Contrary to Appellants' belief,[7] the law of this circuit establishes that non-parties to a federal eminent domain suit must assert their claims to the condemned property via an independent action against the United States, not by a Rule 60(b) motion.  Screven v. United States, 207 F.2d 740, 741 (5th Cir. 1953). The lack of notice to the Langille Trust

---

[5]Again, we assume, without deciding, that the remaindermen did not have notice of the condemnation proceeding.  We take this position to show that even on their factual predicate, Appellants' challenge to the district court's dismissal of their Rule 60(b) motion falls short.

[6]See supra at 3.

[7]Appellants state in their brief that this case presents an issue of first impression of whether a person claiming an interest in condemned land who received no notice of the eminent domain action may maintain a Rule 60(b) motion attacking the final judgment in the proceeding.  Appellants' Brief at 32.  We disagree with Appellants' characterization of the question presented since Fifth Circuit precedent controls the outcome of this dispute.

remaindermen does not foreclose Appellants' claims to the subject parcels as successors in interest to the remaindermen's interest in the land.[8]  United States v. 22,680 Acres, 438 F.2d 75, 77 (5th Cir. 1971).  However, the lack of notice to the remaindermen does preclude Appellants' use of Rule 60(b) as the vehicle with which to advance their claims of ownership in the property.  Screven v. United States, 207 F.2d at 741; See United States v. 22,680 Acres, 438 F.2d at 77-78.

Though the district court ruled that the Quiet Title Act "is the exclusive means by which adverse claimants may challenge the United States' title to real property", all we need to say is that in this particular case, Appellants can not use Rule 60(b) to press their claims against the United States with respect to their alleged ownership interest in the property in question and we say no more.

The judgment of the district court is AFFIRMED.

_____

[8]We do not decide the interest the remaindermen to the Langille Trust have in the property.  It is important to remember what this appeal is not, viz., an adjudication of Appellants' rights to the subject parcels vi!s-a-vi!s the United States.  We are only deciding if Appellants may use Rule 60(b) as a means to vindicate their alleged interest in the land.